# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-640V

* * * * * * * * * * * * * * * * * * * * * * * *
* 
JAMIE FLETCHER *and* AARON    *
FLETCHER*, on behalf of G.F., a*    *
*minor child*,    *      Chief Special Master Corcoran
* 
         Petitioners,    *      Filed: April 10, 2026
* 
      v.    *
* 
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,    *
* 
       Respondent.    *
* 
* * * * * * * * * * * * * * * * * * * * * * * *

*Diana L. Stadelnikas*, Mctlaw, Sarasota, FL, for Petitioners.

*Margaret Armstrong*, U.S. Department of Justice, Washington, DC, for Respondent.

## AMENDED DECISION AWARDING DAMAGES[1]

On April 23, 2024, Jamie and Aaron Fletcher, on behalf of their minor son, G.F., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that G.F.'s receipt of a rotavirus vaccine on or about January 7, 2022, caused intussusception. Petition (ECF No. 1) at 1–4. I ruled in Petitioners' favor on entitlement in October 2024 (ECF No. 14). But because the parties could not informally resolve the issue of damages (specifically actual pain and suffering), they were ordered to file briefs setting forth their respective arguments, and were notified that I would endeavor to resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on December 19, 2025.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

During the Motions Day argument, I discussed with the parties what I deemed to be a fair award under the circumstances, and proposed they consider the figure and assess whether they deemed it acceptable. *See* Transcript of Proceedings, Docketed Feb. 19, 2026 (ECF No. 27), at 16–17. The parties subsequently filed a Joint Status Report in which they proposed "compensation be made through future annuity payments," with "an amount not to exceed $80,000.00 to purchase an annuity contract" for that purpose. Joint Status Report, dated Feb. 19, 2026 (ECF No. 28), at 1, 2.

In response, I issued a Damages Decision based upon the determination from Motions Day, as well as my damages suggestion, but Respondent sought reconsideration of it. *See* Motion for Reconsideration, dated Mar. 6, 2026 (ECF No. 30) ("Mot."). Respondent argued in the Motion that in "adopt[ing] the February 19, 2026 Joint Status Report as [my] Decision, [I] [am] suggesting that [R]espondent agreed that $80,000.00 is an appropriate damages award instead of [me] making that ruling, allowing for likely mischaracterization of [R]espondent's position." Mot. at 2. I thus granted reconsideration and withdrew my Damages Decision, so that I could issue an amended Damages Decision better reflecting Respondent's actual position. Order, dated Mar. 17, 2026 (ECF No. 31).

Respondent does not formally accept $80,000.00 as an appropriate amount, and reserves the right to challenge my entitlement ruling. *See* Mot. at 2. But I have deemed it a reasonable sum, based on my consideration of the complete record as a whole and arguments made at Motions Day (as reflected in the filed transcript). **I therefore find that $80,000.00 represents a fair and appropriate amount of compensation**.[3]

Accordingly, and based on the parties' recommendation for how the damages award is to be structured, I award Petitioners:

- An amount not to exceed **$80,000.00** to purchase the annuity contract, paid to the life insurance company from which the annuity will be purchased, subject to the conditions described in section I.A of the attached status report regarding damages, that will provide payments to G.F. (A copy of the parties' Joint Status Report is attached hereto as Ex. A).

This amount represents compensation for all damages that would be available to the Petitioners under Section 15(a) of the Act.

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.